**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

WINSTON KINGSTON,

                              Plaintiff,

    v.                                                       No. 12-CV-227
                                                              (DNH/CFH)

VIDAR QUDSI, Dr., Altona Correctional Facility;
BRIAN FISCHER, Commissioner, DOCCS,

                              Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

WINSTON KINGSTON
Plaintiff Pro Se
107-12 172 Street
Jamaica, Queens, New York 11433

HON. ERIC T. SCHNEIDERMAN                C. HARRIS DAGUE, ESQ.
Attorney General for the                         Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Winston Kingston ("Kingston"), a former inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, one DOCCS employee and one DOCCS official, violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1). Presently pending is defendants' second motion made pursuant to Fed. R.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Civ. P. 37 seeking dismissal of Kingston's complaint with prejudice, or in the alternative, seeking compulsion of Kingston's appearance for a deposition and other sanctions. Dkt. No. 32; Dague Decl. (Dkt. No. 32-1) ¶ 12 . Kingston does not oppose the motion. For the following reasons, it is recommended that defendants' motion be granted.

## I.  Background

On May 11, 2012, the Court issued a Mandatory Pre-Trial Discovery and Scheduling Order ("Scheduling Order") directing that defendants may take Kingston's deposition by providing Kingston with a notice of deposition. Dkt. No. 16 at 3. The Scheduling Order notified Kingston that his "failure . . . to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37. Id. at 4. By notice of deposition dated July 20, 2012, defendants advised Kingston of their intent to depose him on August 22, 2012 at 9:00 a.m., at the Office of the Attorney General in Albany, New York. Dague Decl. ¶ 4; Dkt. No. 32-2 at 2–3 (notice of deposition). The notice of deposition was mailed to Kingston at 107-12 172 Street, Jamaica, Queens, New York 11433.[2]  Dague Decl. ¶ 5; Dkt. No. 32-2 at 3; see also Dkt. No. 17 (notice of change of address by Kingston).

On August 22, 2012, defendants' counsel and a court reporter were prepared to take Kingston's deposition. Dague Decl. ¶¶ 6–8. However, Kingston neither appeared for the scheduled deposition nor provided defendants any notice prior to August 22, 2012 of his

---

[2]  From the commencement of this action until the time of this memorandum-decision and order, Kingston moved to-and-from various residences. Between May 14, 2012 and January 14, 2013, Kingston's address on file with the Court was 107-12 172 Street, Jamaica, Queens, New York 11433. See Dkt. Nos. 17, 25.

2

intent to not attend his deposition. Id. ¶¶ 9–10; Dkt. No. 32-2 at 8 (deposition transcript noting date, time, and Kingston's absence). The Office of the Attorney General incurred an $85.00 court reporter fee. Dague Decl. ¶ 11; Dkt. No. 32-2 at 12 (invoice billed to the Office of the Attorney General). On October 23, 2012, defendants filed the first motion pursuant to Fed. R. Civ. P. 37. Dkt. No. 22. Kingston failed to respond that motion.[3]

By Memorandum-Decision & Order dated June 26, 2013, this Court ordered Kingston to appear for a deposition once he reimburses defendants the incurred court reporter fee. Dkt. No. 31 at 8–9. Specifically, this Court ordered Kingston to reimburse $85.00 to defendants within thirty days of June 26, 2013. Id. at 8. Kingston was ordered to appear for a deposition on or before August 9, 2013 once reimbursement was made. Id. at 8. Kingston was notified that "[i]n the event [he] fails to reimburse the defendants for the $85.00 fee, or fails to appear for the deposition, and produce documents pursuant to the notice, the defendants may move this Court for an order of dismissal of this action." Id. As of August 9, 2013, Kingston has failed to reimburse defendants within the court ordered time-period. Dague Decl. ¶ 15. This motion followed.

## II. Discussion

Defendants seek dismissal of Kingston's action as a sanction for failing to attend a scheduled deposition and comply with the Court's order dated June 26, 2013. In the

---

[3] Between December 13, 2012 and February 4, 2013, the Court has sua sponte extended Kingston's response deadline and twice granted Kingston an extension upon Kingston's letter motions. Dkt. No. 24 at 2; Text Orders dated 01/28/2013, 02/04/2013. The Court has warned Kingston that his "continued inaction in this matter could result in this Court recommending dismissal of this action." Dkt. No. 24 at 2.

alternative, defendants seek the compulsion of Kingston's appearance for a deposition along with other unspecified sanctions. Kingston does not oppose.

### A. Federal Rule of Civil Procedure 37

Pursuant to the Federal Rules of Civil Procedure, sanctions may be awarded where parties fail to comply with court orders or fail to attend their own depositions. FED. R. CIV. P. 37(b) & (d); N.D.N.Y.L.R. 1.1(d) ("Failure of an attorney or of a party to comply with . . . Orders of the court, or the Federal Rules of Civil . . . Procedure shall be a ground for imposition of sanctions."). Such sanctions include: (1) an order establishing facts; (2) an order precluding evidence, issues or claims; (3) an order striking a pleading; (4) staying proceedings; (5) dismissing the action; or (6) rendering a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(i-vi) & (d)(3).

A district court has broad discretion to impose sanctions. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (citation omitted). Dismissal and default are drastic remedies which should generally only be used when lesser sanctions would be inappropriate. Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). However, discovery orders are meant to be complied with; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party. Id. (citations omitted). In deciding an appropriate sanction, "the court may consider the full record . . . [specifically] the willfulness of the non-compliant party; the reasons for the noncompliance; the efficacy of lesser sanctions; the duration of the non-compliance; and whether the party has been warned of the consequences of non-compliance." Broadcast Music, Inc. v. Metro Lounge & Café LLC,

4

No. 10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted);[4] see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852–54 (2d Cir. 1995).  The goals of sanctions are to "ensure that a party will not benefit from its own failure to comply . . . [, act as] specific deterrents and seek to obtain compliance with the particular order issued[, and] . . . serve [as] a general deterrent on the case at hand and on other litigation . . . ."  Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citations omitted).

In this case, all relevant factors support dismissal of Kingston's action with prejudice.  First, despite the Court's repeated warnings, Kingston failed to advise the Court the reason for his failure to comply with the June 26, 2013 Order, which provided specific instructions to Kingston on how to proceed with discovery.  Kingston does not claim that he did not understand the Court's orders.  As such, it can only be determined that Kingston's failure to comply with the June 26, 2013 Order was willful.  Baba v. Japan Travel Bureau Int'l, Inc., 165 F.R.D. 398, 402–03 (S.D.N.Y. 1996) (citation omitted) ("Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.").

Second, sanctions other than dismissal would not be effective in compelling Kingston's participation in this instance.  Kingston failed to appear for a scheduled deposition on August 22, 2012.  While Kingston advised the Court of his intent to respond to defendants' first motion seeking sanctions, Kingston never followed through with a filing.  The Court

---

[4] All unpublished opinions cited to by the Court in this Memorandum-Decision and Order are, unless otherwise noted, attached to this Order.

ordered Kingston to reimburse defendants a certain fee within a specified time period. However, Kingston did not send any payment to defendants' counsel.[5] Further, Kingston has not established any contact with this Court since March 20, 2013. It has been over a year from when Kingston failed to appear for his deposition. Thus, it is fair to conclude that imposing sanctions other than dismissal would not serve any meaningful purpose. Update Art, Inc., 843 F.2d at 71.

Moreover, Kingston has been warned of the consequences of failing to comply with the Court's orders. "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (citing cases). Since warning notices have been repeatedly given to Kingston, dismissal of this action with prejudice may be imposed.

Accordingly, it is recommended that defendants' motion on this ground be granted and Kingston's complaint be dismissed with prejudice.

### B. Failure to Prosecute

Federal Rules of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedures] or a court order . . . ." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); see also

---

[5] The Court further ordered that upon receipt of the reimbursement, defendants were entitled to take Kingston's deposition on or before August 9, 2013. The scheduling of the second deposition was unnecessary because Kingston failed to fulfill the former court instruction.

N.D.N.Y.L.R. 41.2(b).

Since a Rule 41(b) dismissal is a "harsh remedy . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> (1) the duration of plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant[] is likely to be prejudiced by further delay . . . (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535; see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted).

A review of this case's procedural history shows that Kingston's inactivity began after March 20, 2013 when he notified the Court that his operative address is 107-12 172 Street, Jamaica, Queens, New York 11433. Dkt. No. 30. Kingston's failure to take action for over four months constitutes presumptive evidence of lack of prosecution. N.D.N.Y.L.R. 41.2(b). After March 20, 2013, despite the number of granted extensions and warnings concerning the failure to respond, Kingston failed to oppose defendants' first motion for sanctions. A copy of the June 26, 2013 Order was served on Kingston by regular mail, which was not returned to the Court. Dkt. No. 31. A search of DOCCS's inmate population information

7

database shows that Kingston remains released from DOCCS's custody.[6] Given Kingston's failure to respond to defendants' motions or take action in this case for over four months, the Court's repeated warnings concerning the dismissal of this action, and the lack of returned mail from Kingston, the Court can only conclude that Kingston has abandoned the prosecution of this action.

Moreover, after the numerous and unavailing attempts to communicate with Kingston to proceed with discovery, to hold this action in abeyance until and upon Kingston's decision to reestablish contact with the Court and defendants would prejudice defendants' interest in resolving the allegations against them. Lucas, 84 F.3d at 535. There is no lesser sanction other than dismissal that would not jeopardize the Court's legitimate interest in managing a congested docket with efficiency. Id.

Accordingly, in the alternative, Kingston's complaint should also be dismissed with prejudice for his failure to prosecute his action.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss as a sanction (Dkt. No. 32) be **GRANTED** as to all defendants and that judgment be entered in favor of all defendants on all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen

---

[6] Kingston was released to the Division of Parole on March 15, 2013. See DOCCS, INMATE POPULATION INFORMATION SEARCH, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (lasted visited Sept. 10, 2013).

8

(14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 10, 2013
       Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge